OPINION
Defendant-appellant Domineck Otero appeals from an order finding him to be a sexual predator, in accordance with Ohio Revised Code 2950.09. Otero contends that the finding is not supported by clear and convincing evidence, and that his trial counsel was ineffective in his defense at the sexual predator hearing, because his counsel did not elicit any expert testimony to refute the expert testimony offered on behalf of the State.
We conclude that the record does not support Otero's claim that the trial court's finding, by clear and convincing evidence, that he is a sexual predator is against the manifest weight of the evidence. We also conclude Otero's claim of ineffective assistance of trial counsel is not supported in the record, because the record indicates that Otero's trial counsel did what he could to seek a psychological examination that might refute the State's expert. Accordingly, the judgment of the trial court isAffirmed.
 I
Otero was indicted on one count of Kidnapping, one count of Aggravated Burglary, and one count of Rape. Otero entered into a plea bargain with the State, whereby he pled guilty to Aggravated Burglary and Rape, in exchange for the State dismissing the Kidnapping charge, and recommending sentences of eight years for Aggravated Burglary and nine years for Rape, to be served consecutively.
Following Otero's plea, the trial court held a combined sexual offense classification hearing and sentencing hearing. At the conclusion of the hearing, Otero was classified as a sexual predator, and was sentenced in accordance with the State's recommendation.
Otero appeals from his classification as a sexual predator.
 II
Otero's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN CLASSIFING [SIC] THE DEFENDANT A SEXUAL PREDITOR [SIC] FOR THERE WAS NO CLEAR AND CONVINCING EVIDENCE ON THE RECORD TO SUPPORT SUCH FINDING THAT APPELLANT POSES A HIGH RISK OR THERE IS A HIGH LIKELIHOOD OF RE-OFFENDING.
We agree with Otero that the ultimate finding that the trial court must make is whether the sexual offender is likely to commit another sexual offense. In order to classify a sexual offender as a sexual predator, the trial court must find that the sexual offender is likely to re-offend by clear and convincing evidence. R.C. 2950.09(B)(3). Because Otero pled guilty to Aggravated Burglary and Rape before trial, the facts in the record concerning his offenses are sparse. However, at the sentencing hearing, he did acknowledge the correctness of the following statement by the prosecutor concerning the offenses:
 Both of the offenses occurred on May 31, 1998, in the Village of Yellow Springs Greene County, Ohio. The Defendant forced entry into a residence at 1160 Xenia Avenue in the Village of Yellow Springs. After forcibly entering the residence, he confronted the adult female occupant in the residence and did inflict physical harm upon her by striking her multiple times. He did, then, for the charge of Rape, he engaged in forced vaginal intercourse with her.
Upon the State's motion, the trial court ordered an evaluation of Otero by David H. Roush, a licensed clinical psychologist. Both parties assert that Dr. Roush testified that Otero posed a high likelihood to reoffend. The parties disagree, however, on the proper construction of this testimony. Otero contends that Dr. Roush merely concluded that he was likely to commit a criminal offense at some time in the future. The State argues that Dr. Roush's testimony should be construed as concluding that Otero was likely to engage in the future in one or more sexually oriented offenses.
At the conclusion of his direct testimony, Dr. Roush testified as follows:
 Doctor, do you have an opinion, to a reasonable degree of psychological certainty, as to whether or not Domineck Otero, based upon everything contained within your report, is likely to reoffend?
 It is my professional opinion that he has a high likelihood to reoffend.
Although Dr. Roush did not specify, in this exchange, that the reoffending he was talking about was the commission of another sexual offense, that this was understood is evidenced from the following question posed by defense counsel during cross-examination:
 Please clarify what you mean. My question is very simple. In your formulation of determining, in your opinion, that this gentleman is likely to reoffend as a sexual offender, to what extent have you used statistical probability to reach that conclusion?
(Emphasis added.)
From our review of the entire transcript, it is clear that Dr. Roush was expressing an opinion that Otero was likely to commit another sexual offense.
Otero argues that there was no evidence in the record to support, by clear and convincing evidence, a finding that he was likely to commit another sexual offense. We disagree. Dr. Roush had a bachelor's degree in Psychology, a master's degree in Clinical Counseling, and a doctorate in Clinical Psychology. Although he was not yet able to be licensed to practice psychology in Ohio, he had been a therapist since 1992, dealing primarily with adult sexual offenders. He testified that 75% of his clients were sexual offenders. He received specialized training in the assessment and treatment of offenders at the Giartto Institute, in California, over a three-week period in 1990, and received further specialized training in this field over a one-week period in 1991 at the Western Ohio Center for Child Sexual Abuse in Wooster, Ohio.
Dr. Roush's procedure for assessing sexual offenders includes meeting with the offender, taking a psychosexual history, testing the offender with the Minnesota Multiphasic Personality Interview — 2, and testing the offender with the Multiphasic Sex Inventory. Dr. Roush testified that in this case he also reviewed the Yellow Springs police report and sanity and competency evaluations performed by the Forensic Psychiatry Center of Western Ohio. He also testified concerning the Thematic Apperception Test.
Dr. Roush's testimony concerning the results of Otero's Multiphasic Sex Inventory was significant:
 Basically the results of the test showed that this particular profile that Mr. Otero provided is similar to those that admit their culpability in their offense, but they accept no accountability for their sexually deviant behavior. These individuals tend to present an asexual image and are typically seen as being dishonest about their interest in sexual deviance. They also tend to take a victim stance with their profile and feel victimized by others themselves. They tend to justify their sexually deviant behavior and typically are seen as not being very motivated for treatment.
(Emphasis added.)
Based upon our review of the evidence in this record, we cannot say that the trial court's finding that Otero was likely to commit another sexual offense is against the manifest weight of the evidence.
Otero's First Assignment of Error is overruled.
 III
Otero's Second Assignment of Error is as follows:
 APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO PROVIDE ANY DEFENSE OR ADEQUATE DEFENSE IN THE SEXUAL ORIENTED OFFENSE CLASSSIFICATION [SIC] HEARING.
We agree with the State that the record does not support Otero's contention that his trial counsel was ineffective. Indeed, the record reflects that Otero's trial counsel filed a motion on March 12, 1999, for an order allowing him to be examined by a second psychologist, but this motion was denied, by entry filed March 23, 1999. It appears that Otero was in custody before the sentencing and sexual predator hearing. Therefore, the appropriate method for his trial counsel to use in an effort to obtain expert testimony to rebut Dr. Roush's testimony was to seek to have Otero examined by a second psychologist. Upon this record, we cannot find that Otero's trial counsel was ineffective in connection with the sexual predator classification hearing.
We also agree with the State that even if Otero's trial counsel had been deficient in failing to seek expert testimony to rebut the testimony of Dr. Roush, Otero has not made the showing of prejudice required by Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To make that showing, Otero would have to demonstrate that an expert could have been found who would have rebutted Dr. Roush's testimony. No such showing can be made on this record.
Otero's Second Assignment of Error is overruled.
 IV
Both of Otero's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and WOLFF, J., concur.